FINNEGAN v. SUNKENBERG et al.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

Municipal Corporations (§ 821*)—Injuries from Defective Streets—Actions—Questions for Jury.

   In an action for injuries by a person who went upon one of two doors covering a cellarway adjoining a sidewalk and fell into the space left by the other door, which had been left open, evidence *held* to make a question for the jury as to her negligence and to support a verdict for defendants.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Bessie Finnegan against William Sunkenberg and another. From an order setting aside a verdict for defendants and granting a new trial, they appeal. Reversed, and verdict reinstated.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

---

Louis D. Gibbs, of New York City (Samuel W. Phillips, of New York City, of counsel), for appellants.

Strouse & Strauss, of New York City (Sidney H. Aarons, of New York City, of counsel), for respondent.

PAGE, J. The defendants maintain a saloon on the corner of 138th street and St. Ann's avenue in New York City. On the St. Ann's avenue side of the premises there is an opening with steps leading into the cellar. This opening is covered by two heavy iron doors which swing out from the cellar in order to open and allow entrance to the steps. These doors in turn are protected from persons walking along the sidewalk by means of an iron railing on each side, but in front of them, facing the sidewalk, there is no railing. The plaintiff was going to her home along St. Ann's avenue on September 17, 1912, at 9 o'clock p. m., accompanied by another woman and several children, one of whom was her daughter nine years old. The children in their play were standing on one of the iron doors and swinging on the railing above mentioned. The plaintiff walked upon the closed door to take her child away from the railing, and in stepping back with her child stepped with one foot into the opening and fell on her back and side down the cellar steps, and sustained the injuries for which she is suing to recover damages from the defendants. It happened that the defendants' porter had just gone into the cellar to get some goods stored there for the defendants, and had left the door open for a few minutes, awaiting his return through it. The testimony as to the darkness of the place where the accident occurred was very vague. The plaintiff testified that it was quite dark, but admitted that the corner was brightly illuminated; that there are electric lights at the corner, but she did not remember whether they were lighted or not. She also admits that the cellar door was only about 15 feet from the corner, and that before going up to where her child was she did not look to see whether or not the door was open. The defendants, on the other hand, testified that the region around the door was so brightly illuminated that a person could see to read a newspaper. The question as to whether or not the place was lighted up and whether or not the defendants were guilty of negligence and the plaintiff guilty of contributory negligence were fairly submitted to the jury on an unbiased charge the jury returned a verdict for the defendants, whereupon the learned trial justice promptly set it aside, saying:

"It was gross negligence on the part of the defendants to have this cellar door open. It is a natural tendency for children to climb on railings, and the plaintiff had a right to step on the door, expecting it to be safe; and, unless the plaintiff purposely and deliberately walked into this hole, it was not negligence on her part."

The reasoning of the trial justice might well apply had there been a secret defect in the cellar door by reason whereof it gave way under the plaintiff, but in the present case the opening was in full view, and the plaintiff admittedly stepped into it without looking, and with full knowledge of the fact that she was not walking upon ordinary sidewalk which she could depend upon to be safe. It was at best a ques-

tion for the jury whether or not the place was light enough to enable the plaintiff to see the opening had she been careful, and their finding that she did not use reasonable care is not manifestly contrary to the weight of evidence. Even if the place was insufficiently lighted, the plaintiff knew that the cellarway was there, and she could not blindly walk into it without looking to ascertain whether the door was opened or closed.

The order appealed from should be reversed, with costs, and the verdict reinstated. All concur.